IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRINTERON INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:13-CV-3025 |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| BREEZYPRINT CORPORATION and | § | |
| U.S. HOSPITALITY PUBLISHERS, | § | |
| INC. A/K/A UNIGUEST, INC. | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

PrinterOn Inc. files this Complaint against Defendants BreezyPrint Corporation and U.S. Hospitality Publishers, Inc. a/k/a Uniguest, Inc. (collectively, "Defendants") for patent infringement.

## THE PARTIES

1. Plaintiff PrinterOn Inc. ("PrinterOn") is a Canadian corporation with a principal place of business at 221 McIntyre Drive, Kitchener, Ontario, Canada, N2R1G1.

2. Upon information and belief, Defendant BreezyPrint Corporation ("BreezyPrint") is a Delaware corporation with a principal place of business at 160 Franklin Street, Suite 105, Oakland, California 94607.

3. Upon information and belief, Defendant U.S. Hospitality Publishers, Inc., operating under the assumed name Uniguest, Inc. ("Uniguest"), is a Tennessee corporation with a principal place of business at 1035 Acorn Drive, Nashville, Tennessee 37210.

1

## NATURE OF THE ACTION

4. This is a civil action for the willful infringement of United States Patents No. 6,990,527 (hereinafter "the '527 Patent"), No. 7,007,093 (hereinafter "the '093 Patent"), No. 7,249,188 (hereinafter "the '188 Patent"), and No. 7,827,293 (hereinafter, "the '293 Patent") (collectively, the "PrinterOn Patents"). This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. BreezyPrint, having maintained minimum contacts with this forum, is subject to the personal jurisdiction of this Court. Upon information and belief, BreezyPrint maintains systematic and continuous contacts with the State of Texas, providing products and services to customers within this judicial district. Upon information and belief, BreezyPrint has assembled cloud printing computing infrastructure, products, methods, and services which are used, offered for sale, sold, and have been purchased in Texas, including in this judicial district. Upon information and belief, BreezyPrint has partnered with customers like Uniguest, FedEx Office, and other Breezy network partners, including partners within this judicial district, to deliver these cloud printing infrastructure, products, methods, and services, including Breezy Cloud, to customers within this judicial district, including providing downloadable applications to mobile devices and downloading of print jobs to printers within this judicial district. The BreezyPrint printing computing infrastructure, products, and services are a component of PrinterOn's patented systems and an apparatus used in practicing PrinterOn's patented methods constituting a major part of the PrinterOn patented systems and methods and are not a staple article suitable for

substantial non-infringing uses.  Upon information and belief, BreezyPrint knows the printing computing infrastructure, products, methods, and services to be especially made or adapted for use in infringing the PrinterOn patented systems and methods.  Moreover, BreezyPrint has committed acts of infringement or induced or contributed others to commit acts of infringement in this judicial district.  The exercise of jurisdiction over BreezyPrint would not offend traditional notions of fair play and substantial justice.

7. Uniguest, having maintained minimum contacts with this forum, is subject to the personal jurisdiction of this Court.  Uniguest maintains systematic and continuous contacts with the State of Texas, providing products and services to customers within this judicial district.  Upon information and belief, Uniguest has assembled cloud printing computing infrastructure, products, and services, including U-Print "powered by Breezy, which are used, offered for sale, sold, and have been purchased in Texas, including in this judicial district.  Upon information and belief, Uniguest has partnered with customers like Hilton Hotels, BreezyPrint, and Breezy network partners, including partners within this judicial district, to deliver these cloud printing infrastructure, products, methods, and services through its hosted hotel business centers within this judicial district to guests and other users within this judicial district, including providing business centers for use with downloadable applications to mobile devices and downloading of print jobs to printers in these business centers, within this judicial district.  The Uniguest printing computing infrastructure, products, methods, and services are a component of PrinterOn's patented systems and an apparatus used in practicing PrinterOn's patented methods constituting a major part of the PrinterOn patented systems and methods and are not a staple article suitable for substantial non-infringing uses.  Upon information and belief, Uniguest knows the printing computing infrastructure, products, methods, and services to be especially made or adapted for

3

use in infringing the PrinterOn patented systems and methods. Moreover, upon information and belief, Uniguest has committed acts of infringement or induced or contributed others to commit acts of infringement in this judicial district. The exercise of jurisdiction over Uniguest would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this judicial district as to both BreezyPrint and Uniguest pursuant to 28 U.S.C. §§ 1391 and 1400(b).

9. Defendants are properly joined in this action on account of the cloud printing computing infrastructure, products, and services platform of Defendant Breezy which are used in the cloud printing computing infrastructure, products, and services of Defendant Uniguest which are used, offered for sale, sold, and have been purchased in Texas, including in this judicial district.

## THE PATENTS

10. On January 24, 2006, the '527 Patent, titled "Network Resource Access System," was duly and legally issued to Steve Spicer, Christopher Martin, Larry Kuhl, Brian Hollander, Patrick Pidduck, Steven Coutts, Philip Von Hatten, Mark Onischke, Clayton Grassick, and Tim Lehan ("'527 Inventors"). All rights and interest in the '527 Patent have been assigned by the '527 Inventors to Spicer Corporation. Spicer Corporation subsequently assigned the '527 Patent to PrinterOn. PrinterOn is the sole owner of the right to sue and to recover for any current or past infringement of that patent. A true and correct copy of the '527 Patent is attached hereto as Exhibit A.

11. On February 28, 2006, the '093 Patent, titled "Network Resource Control System," was duly and legally issued to Steve Spicer, Christopher Martin, Larry Kuhl, Brian Hollander, Patrick Pidduck, Steven Coutts, Philip Von Hatten, Mark Onischke, Clayton

4

Grassick, and Tim Lehan ("'093 Inventors"). All rights and interest in the '093 Patent have been assigned by the '093 Inventors to Spicer Corporation. Spicer Corporation subsequently assigned the '093 Patent to PrinterOn. PrinterOn is the sole owner of the right to sue and to recover for any current or past infringement of that patent. A true and correct copy of the '093 Patent is attached hereto as Exhibit B.

12. On July 24, 2007, the '188 Patent, titled "Network Resource Control System," was duly and legally issued to Steve Spicer, Christopher Martin, Larry Kuhl, Brian Hollander, Patrick Pidduck, Steven Coutts, Philip Von Hatten, Mark Onischke, Clayton Grassick, and Tim Lehan ("'188 Inventors"). All rights and interest in the '188 Patent have been assigned by the '188 Inventors to Spicer Corporation. Spicer Corporation subsequently assigned the '188 Patent to the PrinterOn. PrinterOn is the sole owner of the right to sue and to recover for any current or past infringement of that patent. A true and correct copy of the '188 Patent is attached hereto as Exhibit C.

13. On November 2, 2010, the '293 Patent, titled "Secure Network Resource Access System," was duly and legally issued to Steve Spicer, Christopher Martin, Larry Kuhl, Brian Hollander, Patrick Pidduck, Steven Coutts, Philip Von Hatten, Mark Onischke, Clayton Grassick, and Tim Lehan ("'293 Inventors"). All rights and interest in the '293 Patent have been assigned by the '293 Inventors to Spicer Corporation. Spicer Corporation subsequently assigned the '293 Patent PrinterOn. PrinterOn is the sole owner of the right to sue and to recover for any current or past infringement of that patent. A true and correct copy of the '293 Patent is attached hereto as Exhibit D.

## FACTUAL BACKGROUND

14.     PrinterOn is a world leader in mobile and wireless printing, offering secure mobile printing solutions for public print locations, businesses, enterprise sites, and home offices.  PrinterOn's mobile printing solution is deployed in over 50 countries and enables users to securely print from any smartphone, tablet, or laptop to over 10,000 PrinterOn locations, including locations located in this judicial district.  PrinterOn's mobile printing solution is patented and owned by PrinterOn.

### *BreezyPrint Knowingly and Intentionally Infringes the PrinterOn Patents*

15.      BreezyPrint is aware of PrinterOn's Patents for cloud printing solutions.  Despite such awareness, BreezyPrint continues to offer its own cloud printing solution (hereinafter "Breezy"), which enables users of the Breezy system to infringe the PrinterOn Patents. BreezyPrint provides specific instructions to users which empower BreezyPrint's customers and clientele to utilize the Breezy system and method to infringe the PrinterOn Patents by printing documents from a mobile device or computer.  For instance, Breezy touts that customers can send secure print jobs from any mobile device or computer to any designated printer, where a passcode is used to release the job.  On information and belief, Breezy enables the encryption, transmission, translation, and release of such print jobs to a selected printer.  Upon information and belief, BreezyPrint customers and clientele have used the Breezy system and method to print remotely and thus infringe the PrinterOn Patents, in this judicial district and throughout the country.

16.     On information and belief, BreezyPrint became aware of the PrinterOn Patents and infringement of the PrinterOn Patents by the secure cloud document printing and management technology of BreezyPrint no later than June 2012 when BreezyPrint hired a former

Strategic Account Manager responsible for sales of PrinterOn products and services. PrinterOn's former Strategic Account Manager was knowledgeable about PrinterOn's products and services, including its patented cloud printing solution, as well as the PrinterOn Patents, when he joined PrinterOn's competitor, BreezyPrint, in June 2012. Upon information and belief, PrinterOn's former Strategic Account Manager was knowledgeable about infringement of the PrinterOn Patents by secure cloud document printing and management technologies of key competitors of PrinterOn, including BreezyPrint, when he joined PrinterOn's competitor, BreezyPrint, in June 2012. Upon information and belief, PrinterOn's former employee is now BreezyPrint's Vice President, Strategic Accounts and is responsible for the sale of the Breezy solution.

17.  The PrinterOn patented inventions are knowingly used by Breezy in further ways. For example, the CEO of BreezyPrint, Jared Hansen, is a named inventor for similar secure cloud document printing and management technology on a patent application filed with the U.S. Patent Office ("USPTO"). The filing was made in the name of Mr. Hansen's other company, Accipiter Innovations, LLC. On February 4, 2013, Mr. Hansen, through his attorney, disclosed to the USPTO a lengthy list of patents, including the PrinterOn Patents, as material to his own patent application, which, on information and belief, pertains to the secure cloud document printing and management technology of BreezyPrint that is the subject of this action.

18.  BreezyPrint affirmatively encourages and intends for its customers and clientele to use the Breezy system and method in conjunction with other applications and processes, and in a manner that infringes the PrinterOn Patents. BreezyPrint promotes its Breezy system for one thing only – cloud based printing. Use of the Breezy system and method in such a manner infringes the PrinterOn Patents. The Breezy system and method have no substantial non-infringing uses.

7

### *Uniguest Knowingly and Intentionally Infringes the PrinterOn Patents*

19.     Uniguest is aware of the PrinterOn Patents for mobile printing solutions. Despite such awareness, Uniguest continues to offer cloud printing solutions powered through Breezy, which enables users to infringe the PrinterOn Patents. One of these solutions is its U-Print product, which provides mobile printing services at Uniguest-hosted hotel business centers. Uniguest markets that U-Print as "powered by Breezy." Specifically, Uniguest provides specific instructions to guests, which in turn empowers those guests to infringe the PrinterOn Patents by printing documents from a mobile device or computer. For instance, Uniguest touts that customers can send secure print jobs—including documents stored in the cloud via services such as DropBox and Evernote—from any mobile device or computer to any designated printer, where a passcode is used to release the job. On information and belief, U-Print (on its own or via Breezy technology) enables the encryption, transmission, translation, and release of such print jobs to a selected printer. Upon information and belief, Uniguest customers and clientele have used the system and method put in place by Uniguest to print and thus infringe the PrinterOn Patents, in this judicial district and throughout the country.

20.     Uniguest became aware of the PrinterOn Patents no later than March 2013 when PrinterOn disclosed the PrinterOn Patents to Uniguest in connection with a sales meeting for the PrinterOn solution. During a discussion concerning Uniguest's secure cloud document printing and management technology, Uniguest was specifically told that Uniguest and BreezyPrint would have an issue with the PrinterOn Patents in connection with their use of secure cloud document printing and management technology not authorized by PrinterOn.

21.     Uniguest affirmatively encourages and intends for guests, customers, and other clientele to use the U-Print and/or the Breezy system and method in conjunction with other

applications and processes, and in a manner that infringes the PrinterOn Patents. Uniguest promotes its U-Print system and method for one thing only – cloud based printing. Use of the U-Print system and method in such a manner infringes the PrinterOn Patents. U-Print has no substantial non-infringing use.

*Accused Activities and Instrumentalities*

22. Upon information and belief, Defendants use, test, and operate, in the United States, including within this judicial district, secure cloud document printing and management technology—*i.e.*, a BreezyPrint product known as Breezy and a Uniguest product known as U-Print—in conjunction with a printer network (the "Accused Products"). Defendants infringe the PrinterOn Patents by using, testing, and operating the secure cloud document printing and management technology on Defendants' computer network system and/or printers.

23. Upon information and belief, Defendants offer to sell and sell the Accused Products to others, including their partners, customers, and end users, knowing or willfully blind to the fact that these products constitute a material part of PrinterOn's patented invention. Upon information and belief, these products were especially made, or especially adapted for use in the infringement of the PrinterOn Patents, and have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the PrinterOn Patents. The use, testing, and operating of the Accused Products with network terminals like mobile phones, and network resources like printers constitute direct infringement of the PrinterOn Patents. Defendants have induced and continue to induce others to infringe the PrinterOn Patents by making, selling, importing, installing, servicing, promoting, advertising, marketing, distributing, and offering for sale the Accused Products for use with network terminals like mobile phones, and network resources like printers. Defendants further induce others to infringe the PrinterOn

Patents by advertising, marketing, and distributing the Accused Products and by providing instructions for the use of the Accused Products in an infringing manner. Upon information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement.

*Notice of Infringement*

24. PrinterOn provided actual notice to Defendants of their infringement of the PrinterOn Patents by separate letters sent by email on October 14, 2013. In those letters, PrinterOn informed Defendants that they infringed the PrinterOn Patents by at least BreezyPrint's product known as Breezy and Uniguest's product known as U-Print.

**COUNT I – INFRINGEMENT OF THE '527 PATENT**

25. PrinterOn repeats and incorporates by reference the allegations in Paragraphs 1-24 above.

26. Defendants have infringed the '527 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and selling products, systems, methods, and services for cloud printing (including but not limited to products, systems, methods, and services incorporating Breezy and U-Print), by inducing the direct infringement of other non-parties, and by contributing to such direct infringement of other non-parties, without authority and in violation of 35 U.S.C. § 271(a), (b), and (c).

27. Defendants do not have any license or other authority from PrinterOn or any other person or entity to practice the subject matter claimed by the '527 Patent using Breezy or U-Print technology.

28. PrinterOn has complied with the notice provisions of 35 U.S.C. § 287(a) by providing written notice to Defendants of their infringement of the '527 Patent.

29.     Upon information and belief, Defendants continue to willfully infringe the '527 Patent.  Defendants' willful infringement of the '527 Patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

30.     Because of Defendants' infringement of the '527 Patent, PrinterOn has suffered damages and will continue to suffer damages in the future.

## COUNT II – INFRINGEMENT OF THE '093 PATENT

31.     PrinterOn repeats and incorporates by reference the allegations set forth in Paragraphs 1-24 above.

32.     Defendants have infringed the '093 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and selling products, systems, methods, and services for cloud printing (including but not limited to products, systems, methods, and services incorporating Breezy and U-Print), by inducing the direct infringement of other non-parties, and by contributing to such direct infringement of other non-parties, without authority and in violation of 35 U.S.C. § 271(a), (b), and (c).

33.     Defendants do not have any license or other authority from PrinterOn or any other person or entity to practice the subject matter claimed by the '093 Patent using Breezy or U-Print technology.

34.     PrinterOn has complied with the notice provisions of 35 U.S.C. § 287(a) by providing written notice to Defendants of their infringement of the '093 Patent.

35.     Upon information and belief, Defendants continue to willfully infringe the '093 Patent.  Defendants' willful infringement of the '093 Patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

36. Because of Defendants' infringement of the '093 Patent, PrinterOn has suffered damages and will continue to suffer damages in the future.

## COUNT III – INFRINGEMENT OF THE '188 PATENT

37. PrinterOn repeats and incorporates by reference the allegations set forth in paragraphs 1-24 above.

38. Defendants have infringed the '188 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and selling products, systems, methods, and services for cloud printing (including but not limited to products, systems, methods, and services incorporating Breezy and U-Print), by inducing the direct infringement of other non-parties, and by contributing to such direct infringement of other non-parties, without authority and in violation of 35 U.S.C. § 271(a), (b), and (c).

39. Defendants do not have any license or other authority from PrinterOn or any other person or entity to practice the subject matter claimed by the '188 Patent using Breezy or U-Print technology.

40. PrinterOn has complied with the notice provisions of 35 U.S.C. § 287(a) by providing written notice to Defendants of their infringement of the '188 Patent.

41. Upon information and belief, Defendants continue to willfully infringe the '188 Patent. Defendants' willful infringement of the '188 Patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

42. Because of Defendants' infringement of the '188 Patent, PrinterOn has suffered damages and will continue to suffer damages in the future.

## COUNT IV – INFRINGEMENT OF THE '293 PATENT

43. PrinterOn repeats and incorporates by reference the allegations set forth in paragraphs 1-24 above.

44. Defendants have infringed the '293 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and selling products, systems, methods, and services for cloud printing (including but not limited to products, systems, methods, and services incorporating Breezy and U-Print), by inducing the direct infringement of other non-parties, and by contributing to such direct infringement of other non-parties, without authority and in violation of 35 U.S.C. § 271(a), (b), and (c).

45. Defendants do not have any license or other authority from PrinterOn or any other person or entity to practice the subject matter claimed by the '293 Patent using Breezy or U-Print technology.

46. PrinterOn has complied with the notice provisions of 35 U.S.C. § 287(a) by providing written notice to Defendants of their infringement of the '293 Patent.

47. Upon information and belief, Defendants continue to willfully infringe the '293 Patent. Defendants' willful infringement of the '293 Patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

48. Because of Defendants' infringement of the '293 Patent, PrinterOn has suffered damages and will continue to suffer damages in the future.

## DEMAND FOR JURY TRIAL

49. Pursuant to Federal Rule of Civil Procedure 38, PrinterOn demands a trial by jury on all issues triable by jury.

**PRAYER FOR RELIEF**

50. Plaintiff PrinterOn Inc. prays for judgment:

  A. Adjudging that Defendants BreezyPrint Corporation and U.S. Hospitality Publishers, Inc. infringed the '527 Patent;

  B. Adjudging that Defendants BreezyPrint Corporation and U.S. Hospitality Publishers, Inc. infringed the '093 Patent;

  C. Adjudging that Defendants BreezyPrint Corporation and U.S. Hospitality Publishers, Inc. infringed the '188 Patent;

  D. Adjudging that Defendants BreezyPrint Corporation and U.S. Hospitality Publishers, Inc. infringed the '293 Patent;

  E. Awarding PrinterOn damages adequate to compensate for Defendants BreezyPrint Corporation's and U.S. Hospitality Publishers, Inc.'s infringement of the '527 Patent, the '093 Patent, the '188 Patent, and the '293 Patent, together with interest and costs as fixed by the Court;

  F. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

  G. A permanent injunction enjoining the aforesaid acts of infringement by Defendants, its officers, agents, servants, employees, subsidiaries and attorneys, and those persons acting in concert with Defendants, including related individuals and entities, customers, representatives, OEMs, dealers, distributors and importers;

  H. Adjudging that Defendants BreezyPrint Corporation's and U.S. Hospitality Publishers, Inc.'s infringement of the '527 Patent, the '093 Patent, the '188 Patent,

and the '293 Patent was willful and trebling all damages awarded to PrinterOn for such infringement pursuant to 35 U.S.C. § 284;

   I. Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding PrinterOn the attorney fees, costs, and expenses it incurs in this action; and

   J. Awarding PrinterOn such other and further relief as the Court deems just and proper.

Date:  October 15, 2013.

          Respectfully Submitted,

          /s/ Paul R. Juhasz
          Paul R. Juhasz
          Texas Bar No. 24005874
          Southern District ID:  713480
          **THE JUHASZ LAW FIRM, P.C.**
          10777 Westheimer, Suite 1100
          Houston, Texas  77042
          Telephone: (713) 260-9643
          Facsimile: (713) 260-9602
          pjuhasz@patenthorizon.com

          *ATTORNEY IN CHARGE FOR PLAINTIFF*

**OF COUNSEL:**

Ray T. Torgerson
Texas Bar No. 24003067
Southern District ID:  22846
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas  77002
Telephone: (713) 226-6650
Facsimile: (713) 226-6250
rtorgerson@porterhedges.com

Jonathan M. Pierce, Esq.
Texas State Bar No. 24027744
Southern District of Texas No. 23801
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas  77002
Telephone: (713) 226-6694
Facsimile: (713) 226-6294
jpierce@porterhedges.com

Jonna N. Summers
Texas State Bar No. 24060649
Southern District of Texas No. 1338601
**PORTER HEDGES LLP**
Telephone: (713) 226-6732
Facsimile: (713) 226-6332
1000 Main Street, 36th Floor
Houston, Texas  77002
jsummers@porterhedges.com