United States District Court
Southern District of Texas
**ENTERED**
November 10, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRINTERON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3025 |
| | § | |
| BREEZYPRINT CORP., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

BreezyPrint Corporation has moved to recover the attorney's fees and expenses it incurred defending this patent infringement case. After construing the disputed claim terms, the court granted BreezyPrint's motion for summary judgment, finding no infringement. (Docket Entry No. 196). BreezyPrint argues that it is entitled to recover its attorney's fees and expenses because the case is "exceptional" under 28 U.S.C. § 285 and *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, ____U.S. ____, 134 S.Ct. 1749, 1755–56, 188 L.Ed.2d 816 (2014).  BreezyPrint moved for an exceptional-case finding, (Docket Entry No. 196).   PrinterOn, Inc. opposed the motion and the fee award,  (Docket Entry No. 201).[1]

Based on the pleadings, the motion and responses, the record, and the applicable law, the court denies BreezyPrint's motion, denies its request for an award of fees and costs, and  enters final judgment by separate order.  The reasons are explained below.

---

[1] BreezyPrint replied to PrinterOn's response,  (Docket Entry No. 202).  PrinterOn responded to BreezyPrint's reply, (Docket Entry No. 205).  BreezyPrint filed a notice of supplemental authority, (Docket Entry No. 208), and PrinterOn responded to that notice, (Docket Entry No. 209).

**I.      Background**

BreezyPrint moved for summary judgment that it did not infringe any of the four patents in this suit. (Docket Entry Nos. 32, 37). The parties submitted competing claim constructions, and the court held a two-day claim-construction hearing in November 2014 to consider the parties' disputed constructions under *Markman v. Westview Instruments*, 52 F.3d 967 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996). BreezyPrint also moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the court's inherent authority. The court construed the terms and: (1) granted BreezyPrint's motion for summary judgment that it did not infringe PrinterOn's patents; (2) found that PrinterOn was estopped from asserting infringement under the doctrine of equivalents because PrinterOn's prosecution history foreclosed that ground; (3) held that federal law preempted BreezyPrint's state-law counterclaim because PrinterOn's infringement claims were not "objectively baseless" under *800 Adept, Inc. v. Murex Securities, Ltd.*, 539 F.3d 1354, 1370 (Fed. Cir. 2008); and denied sanctions because PrinterOn conducted a reasonable investigation of its infringement claims before filing suit and its claims, though unsuccessful, were not brought in bad faith. The factual and procedural background are set out in the court's summary judgment memorandum and opinion and are not repeated here.

BreezyPrint now moves for fees and expenses on the basis that this case is exceptional under 35 U.S.C. § 285.

**II.     The Legal Standard**

Title 35 U.S.C. § 285 states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court recently rejected what it characterized as an overly demanding and rigid reading of "exceptional cases" and held that, under § 285, "an

'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756, 1758 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* In exercising that discretion, courts may consider, among other factors, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6. (citation omitted). The court held that a prevailing party must establish its right to fees under § 285 by a preponderance of the evidence, not clear and convincing evidence. *Id.* at 1758.

If "a party has set forth some good-faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Small v. Implant Direct Mfg. LLC*, No. 06 Civ. 683(NRB), 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014). Courts have awarded attorney's fees under § 285 against a party advancing arguments that are particularly weak and lack record support or relitigating issues the court has already decided. *See Cognex Corp. v. Microscan Sys., Inc.,* No. 13–CV–2027 JSR, 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014) (criticizing the plaintiff for posttrial motions that simply sought to relitigate issues decided during trial and awarding fees at least as to those motions); *Intex Recreation Corp. v. Team Worldwide Corp.*, No. CV 04-1785 (PLF), 77 F. Supp. 3d 212, 217 (D.D.C. Jan. 9, 2015) (awarding attorney's fees against a patentee who "advanced flawed, nonsensical, and baseless arguments, which lacked factual support, seeking only to re-litigate [the] Court's [previous] construction of the term

3

'socket'"); *Precision Links Inc. v. USA Products Group, Inc.*, No. 08–576, 2014 WL 2861759, at *3 (W.D.N.C. June 24, 2014) (criticizing the plaintiff for seeking a preliminary injunction based in large part on a previously rejected liability theory and for filing frivolous postdismissal motions); *Gametek LLC v. Zynga, Inc.*, No. CV 13-2546 RS, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) (collecting cases); *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 13 Civ. 3599 DLC, 2014 WL 2440867, at *6-7 (S.D.N.Y. May 30, 2014) (awarding fees after granting judgment on the pleadings because basic investigation would have revealed the defendant's noninfringment); *Kilopass Tech. Inc. v. Sidense Corp.*, C 10–02066 SI, 2014 WL 3956703, at *13-14 (N.D. Cal. Aug. 12, 2014) (awarding fees when the plaintiff's investigation consisted of getting one legal opinion of noninfringement and another incomplete opinion).

Assertions that a party's arguments were without merit generally do not make a case "exceptional." The factors courts look to include whether a party knew or willfully ignored evidence of the claims' meritlessness; whether the meritlessness could have been discovered by basic pretrial investigation; or whether the meritlessness was made clear early in the litigation. If a party has set forth some good-faith argument in favor of its position, it will generally not be found to have advanced "exceptionally meritless" claims. *See, e.g., EON Corp. IP Holdings LLC v. Cisco Sys. Inc*, 12–CV–01011–JST, 2014 WL 3726170 (N.D. Cal. July 25, 2014) (even when the plaintiff's argument was "quite stretched" and its conduct "difficult to explain," the court could not "quite conclude that *no* reasonable patentee could see an opening . . . through which the argument could be squeezed"); *Gametek*, 2014 WL 4351414, at *3 (conceding that the plaintiff's briefing, which "consisted of granular parsing of the claimed steps rather than any substantive explanation of how [the invention] differed from the underlying abstract idea," was inadequate but finding that

4

it "did not . . . descend to the level of frivolous argument or objective unreasonableness.").

The cases show that the most commonly cited ways to establish exceptionality include evidence showing that the plaintiff failed to conduct an adequate prefiling investigation or to exercise due diligence before filing suit; the plaintiff knew or should have known that its claim was meritless or lacked substantive strength; the plaintiff initiated the litigation to extract settlements from defendants to avoid costly litigation; the plaintiff proceeded in bad faith; or litigation misconduct. *See, e.g., TechRadium, Inc., v. FirstCall Network, Inc.*, No. CIV.A. 13-2641, 2015 WL 862326, at *6-8 (S.D. Tex. Feb. 27, 2015) (exceptional case finding because the claimant brought an objectively unreasonable claim and engaged in litigation misconduct); *Bayer CropScience AG v. Dow AgroSciences LLC*, No. CV 12-256 (RMB/JS), 2015 WL 108415, at *4-6 (D. Del. Jan. 5, 2015) (exceptional case finding because the claimant knew or should have known the case was exceptionally meritless but proceeded).

### III. Analysis

PrinterOn did not litigate this case in an unreasonable manner. PrinterOn did not attempt to relitigate issues previously decided, engage in abusive discovery practices, file frivolous motions or assert baseless procedural objections, or engage in abusive obstructionist settlement practices. Breezy Print has not submitted or identified a preponderance of record evidence showing that PrinterOn's claims, though reasonably litigated, were exceptionally meritless.

The outcome of PrinterOn's case largely turned on this court's construction of the disputed patent terms. The court rejected most of PrinterOn's proposed constructions, finding the patent-claim language more consistent with BreezyPrint's proposed constructions. But the court did not reject PrinterOn's constructions because they were objectively unreasonable or frivolous. PrinterOn

supported its proposed claim constructions with arguments based on the claim language or other intrinsic or extrinsic evidence. For example, the court rejected Printer On's interpretation of "authorization password" PrinterOn based on the ordinary meaning of that term, but PrinterOn's proposed construction had a basis in the claim terms "facilitation" and "providing access." Similarly, PrinterOn supported its construction of "network terminal" by intrinsic evidence, including Figure 2, an illustrative example in the specification of a "network terminal" as an end-user device, and the Canadian Priority Application's use of that term.

BreezyPrint points to various unsuccessful legal and factual positions PrinterOn took in the litigation, including its assertion of the doctrine of equivalents, its reliance on disclosures in the Canadian Priority Application, and its infringement theory based on BreezyPrint's system's ability to decompress the application data to extract an authorization password.[2] The court rejected each of these positions. The issue under § 285 and *Octane Fitness* is the strength of PrinterOn's overall litigation theory and position. BreezyPrint's examples show weaknesses in specific arguments, but they were alternative grounds for liability and do not show that overall, PrinterOn's claims were so exceptionally meritless that they "descend to the level of frivolous argument or objective unreasonableness." *Gametek*, 2014 WL 4351414, at *3. The court rejected PrinterOn's reliance on disclosures in the Canadian Priority Application, but PrinterOn presented other grounds for its proposed constructions. The court found that PrinterOn was estopped from asserting the doctrine

---

[2] BreezyPrint incorporates by reference additional factual and legal positions PrinterOn took that BreezyPrint cited in seeking sanctions. As explained in this Court's previous Memorandum and Opinion, PrinterOn's factual and legal positions, though unsuccessful, were neither frivolous nor unreasonable and PrinterOn conducted an adequate presuit investigation. (Docket Entry No. 196 at 65-70, 75-85). They do not provide a basis to find this case exceptional by a preponderance of the evidence.

of equivalents, but PrinterOn also asserted literal infringement. PrinterOn failed to provide evidence supporting an inference that BreezyPrint used decompression to extract authorization passwords, but this failure affected only one of its four infringement claims.

The weaknesses in PrinterOn's claims, evidence, and arguments as a basis for finding this an exceptional case are also mitigated by the evidence that PrinterOn conducted a meaningful presuit investigation. PrinterOn: (1) monitored BreezyPrint's market activity, (Docket Entry No. 175, at 5, & Ex. 2); (2) discovered that some of its former employees and associates were working full-time for BreezyPrint, (*id.*); (3) compiled and studied publicly available technical literature on BreezyPrint's and Uniguest's products, (Id. at 7 & Ex. 1, ¶ 5); and (4) compared its patent claims against the publicly available information about BreezyPrint's product.

BreezyPrint argues that the hardships it suffered as a result of this litigation make this case exceptional. BreezyPrint incurred significant expense and burden defending this litigation. But that is not exceptional and does not substitute for evidence showing that PrinterOn's litigation theory was frivolous or its litigation conduct abusive.[3]

BreezyPrint correctly points out that it need not prove that this case is exceptional by clear and convincing evidence, in contrast to the showing required for sanctions. The burden of proof is lower, but the substantive standard for attorney's fees under § 285 remains high. The court must find by a preponderance of the evidence that this case is "exceptional" because it "stands out from

---

[3] The court similarly rejects BreezyPrint's argument that this case is exceptional because PrinterOn took advantage of its size and industry position. PrinterOn is somewhat larger and more established than BreezyPrint, but there is no evidence that it abused its size or position. This fact can also not make up for the overall absence of evidence showing by a preponderance of the evidence that PrinterOn's litigation theory was frivolous or its litigation conduct abusive.

others." *Octane Fitness*, 134 S. Ct. at 1756. Cases that meet this standard are "uncommon" and "rare." *Id.*

The cases BreezyPrint cites are distinguishable. In *Medtrica Sols. Ltd. v. Cygnus Medical LLC*, No. C12-538RSL, *4 (W.D. Wash. July 10, 2014), the claimant had no evidence to support its infringement claims. By contrast, the court granted BreezyPrint's motion for summary judgment of noninfringement because PrinterOn's claim constructions and liability theories failed to raise a triable issue material to infringement, not because PrinterOn's constructions and theories wholly lacked supporting evidence. In *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329, 335-36 (S.D.N.Y. 2014) and *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2014 WL 3956703, at *14 (N.D. Cal. Aug. 12, 2014), the claimants failed to undertake a sufficient presuit investigation. By contrast, the record showed that PrinterOn did a reasonable presuit investigation. In *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2015 WL 1026226, at *4 (N.D. Cal. Mar. 9, 2015), the court based its holding on litigation misconduct, which is not shown on this record. In *Bayer CropScience AG v. Dow AgroSciences LLC*, No. CV 12-256 (RMB/JS), 2015 WL 108415, at *4-6 (D. Del. Jan. 5, 2015), the claimant's case, considered as a whole, was "exceptionally weak" and relied on "implausible" arguments on multiple issues key to the outcome. The claimant's own witnesses produced a "litany" of testimony contradicting the infringement claims. PrinterOn did not prevail, but its case was not "implausible" or directly and clearly undermined by its own witnesses. Although the court did not find PrinterOn's expert, Tipton Cole, credible and some of his testimony supported BreezyPrint, the record does not show a "litany" of damaging testimony from PrinterOn's own fact and expert witnesses.

This case is similar to those in which the plaintiff's claims were unsuccessful but not exceptionally meritless. *See, e.g., Calypso Wireless, Inc. v. T-Mobile USA Inc.*, No. 2:08-CV-441-JRG-RSP, 2015 WL 1022745, at *2-5 (E.D. Tex. Mar. 5, 2015) (not an exceptional case because the litigation conduct was not exceptional and the plaintiff's defeat was due to a claim construction that was incorrect but supported by some evidence); *Howlink Global LLC v. Centris Info. Servs., LLC*, No. 4:11CV71, 2015 WL 216773, at *6 (E.D. Tex. Jan. 8, 2015) (not an exceptional case when the party's claim construction was incorrect but reasonable).

## IV.   Conclusion

Under the totality of the circumstances, this case is not one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756, 1758.  PrinterOn did not engage in unreasonable litigation conduct and its case as a whole was not exceptionally meritless.  BreezyPrint's Motion for an Exceptional Case Finding, (Docket Entry No. 196), is denied.  The court will enter final judgment by separate order.

SIGNED on November 10, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge